UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Victoria Bean

   v.                                    Civil No. 17-cv-625-LM
                                       Opinion No. 2019 DNH 016
Nancy A. Berryhill, Acting
Commissioner of Social Security


**O R D E R**

Victoria Bean seeks judicial review of the decision of the Acting Commissioner of the Social Security Administration, denying her application for disability insurance benefits. Bean moves to reverse the Acting Commissioner's decision, and the Acting Commissioner moves to affirm. For the reasons discussed below, the court grants the Acting Commissioner's motion to affirm and denies Bean's motion to reverse.


**STANDARD OF REVIEW**

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Fischer v.

Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The claimant "has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether she has a severe impairment; and (3) determining whether the impairment meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite her limitations caused by impairments, id. § 404.1545(a)(1), and his past relevant work, id. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, the ALJ will find that the claimant is not disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ proceeds to Step Five,

2

in which the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment. See id. § 404.1520(a)(4)(v).

**BACKGROUND**

A detailed statement of the facts can be found in the parties' Joint Statement of Material Facts (doc. no. 11). The court provides a brief summary of the case here.

On October 8, 2014, Bean filed an application for disability insurance benefits. She alleged a disability onset date of January 1, 2012, when she was 39 years old. She subsequently amended her onset date to January 10, 2013.

After Bean's claim was denied, she requested a hearing in front of an ALJ. On June 8, 2016, the ALJ held a hearing, during which Bean testified and was represented by an attorney.

On September 7, 2016, the ALJ issued an unfavorable decision. He found that Bean had the following severe impairments: degenerative disc disease, status post right shoulder subacromial decompression and biceps tenotomy, left shoulder degenerative disc disease, and obstructive sleep apnea. The ALJ found that Bean's diabetes mellitus and her anxiety disorder and depression were not severe. He further found that Bean had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain limitations.

In assessing Bean's residual functional capacity, the ALJ gave great weight to the opinion of Dr. Louis Rosenthall, the state agency physician. The ALJ ultimately adopted a more restrictive RFC assessment than was contained in Dr. Rosenthall's opinion.

Christine E. Spaulding, an impartial vocational expert, testified at the hearing. In response to hypotheticals posed by the ALJ, Spaulding testified that a person with Bean's RFC could perform jobs that exist in significant numbers in the national economy. Based on Spaulding's testimony, the ALJ found at Step Five that Bean was not disabled.

Bean requested review of the ALJ's decision by the Appeals Council. With her request, she submitted additional evidence that was not before the ALJ, including a determination from the State of New Hampshire that she was eligible for Medicaid benefits because of her disability.

On September 21, 2017, the Appeals Council denied Bean's request for review, making the ALJ's decision the Acting Commissioner's final decision. This action followed.

**DISCUSSION**

Bean contends that the ALJ erred in weighing the medical opinions in the record and in evaluating her subjective complaints and symptoms. She also argues that the Appeals

Council erred in concluding that the additional evidence she submitted with her request for review did not change the outcome of the ALJ's decision.

I. Medical Opinions

Bean contends that the ALJ erred in weighing the medical opinions in the record. Specifically, she argues that the ALJ erroneously gave little weight to the opinion of her treating physician, Dr. John Wheeler, while giving great weight to the opinion of Dr. Rosenthall.

"An ALJ is required to consider opinions along with all other relevant evidence in a claimant's record." Ledoux v. Acting Comm'r, Social Sec. Admin., No. 17-cv-707-JD, 2018 WL 2932732, at *4 (D.N.H. June 12, 2018). The ALJ analyzes the opinions of state agency consultants, treating sources, and examining sources under the same rubric. See id.; 20 C.F.R. § 404.1527(c). The ALJ must consider "the examining relationship, treatment relationship (including length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship), supportability of the opinion by evidence in the record, consistency with the medical opinions of other physicians," along with the doctor's expertise in the area and any other relevant factors. Johnson v. Berryhill, No. 16-cv-375-PB, 2017 WL 4564727, at *5 (D.N.H. Oct. 12, 2017).

1. <u>Dr. Rosenthall</u>

As discussed supra, the ALJ gave great weight to the opinion of Dr. Rosenthall, a state agency physician who did not examine Bean. The ALJ largely adopted Dr. Rosenthall's opinion as to Bean's limitations and included them in his RFC assessment. The ALJ found that Bean has certain limitations that were greater than were found by Dr. Rosenthall, however, including limitations with lifting, sitting, and crawling.

In evaluating Dr. Rosenthall's opinion, the ALJ was mindful of the factors set forth in 20 C.F.R. § 404.1527(c) and SSR 96-6p, see 1996 WL 374180, at *2 (July 2, 1996).[1] The ALJ concluded that Dr. Rosenthall's opinion was entitled to great weight because it was completed by an acceptable medical source who provided a rationale for the opinion, and cited supporting evidence.

Although Bean criticizes the ALJ for giving great weight to Dr. Rosenthall's opinion while giving little weight to Dr. Wheeler's opinion, she does not explain why the weight the ALJ gave to Dr. Rosenthall's opinion was erroneous. While Bean mentions the weight the ALJ gave to Dr. Rosenthall's opinion, she merely repeats the ALJ's reasons for her decision. See doc.

---

[1] SSR 96-6p was in effect when the ALJ issued his decision. It has since been superseded by SSR 17-2p.

no. 6-1 at 3-4.  To the extent Bean intended to challenge the weight the ALJ gave to Dr. Rosenthall's opinion, that argument is not sufficiently developed to be addressed.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . .").

### 2. Dr. Wheeler

A treating medical source's opinion about the claimant's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  § 404.1527(c)(2). An ALJ must give "good reasons" for the weight given to a treating source's medical opinion.  Id.  "Those reasons must offer a rationale that could be accepted by a reasonable mind." Dimambro v. US Soc. Sec. Admin., Acting Comm'r, No. 16-cv-486-PB, 2018 WL 301090, at *10 (D.N.H. Jan. 5, 2018).  If the ALJ satisfies that standard, the court will uphold the decision to discount a treating source's opinion.  Id.

Bean argues that the ALJ erred in failing to address all the relevant factors in § 404.1527(c) and by failing to give good reasons for affording Dr. Wheeler's opinion little weight. The court disagrees.  The ALJ found that there was no medical

evidence in the record to support Dr. Wheeler's extensive limitations, including a lack of support in Dr. Wheeler's own treatment notes. He also found that Dr. Wheeler's opinion as to Bean's functional limitations was inconsistent with Bean's activities of daily living, as well as her behavior at the hearing. In addition, the ALJ noted that Dr. Wheeler had not done a functional status exam on Bean.

Here, the ALJ gave "good reasons" which could be accepted by a reasonable mind for the weight given to Dr. Wheeler's opinion. See Dimambro, 2018 WL 301090, at *11-12 (finding that the ALJ gave good reasons to discount treating source's opinions when the opinions were inconsistent with treatment notes and other medical opinion evidence in the record). Where an ALJ provides good reasons for giving little weight to a treating source's opinion, he is not required to expressly address each of the factors set forth in § 404.1527(c). Chapin v. Astrue, No. 11-cv-286-JL, 2012 WL 4499273, at *4 (D.N.H. Sept. 28, 2012). "While the record arguably could support a different conclusion, there is clearly substantial evidence to support the ALJ's findings." Applebee v. Berryhill, No. 18-1510, 2018 WL 6266310, at *1 (1st Cir. Nov. 30, 2018) (per curiam). For these reasons, the ALJ did not err in evaluating the medical opinion evidence in the record.

II. Subjective Complaints

Bean contends that the ALJ erred in his evaluation of her subjective complaints by failing to follow the directives in Social Security Ruling ("SSR") 16-3p.

SSR 16-3p provides guidance to ALJs when they assess claimants' "symptoms, including pain, under 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)." Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018). Under the ruling, "an ALJ determining whether an applicant has a residual functional capacity that precludes a finding of disability must evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." Id. (internal quotation marks omitted).

> Moreover, SSR 16-3p provides that, in conducting that inquiry, the ALJ must examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

Id. (internal quotation marks omitted).

In evaluating Bean's subjective complaints, the ALJ discussed Bean's testimony concerning the effects of her back and shoulder issues, sleep apnea, diabetes, anxiety, and depression. The ALJ addressed the evidence in the record that

9

he found did not fully support Bean's subjective complaints. Specifically, the ALJ noted Bean's daily activities, her statements in treatment notes concerning the positive effects of pain medication, and medical evidence in the record showing improvement in Bean's symptoms. The ALJ concluded that Bean's testimony regarding the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the RFC assessment.

Bean raises two arguments to challenge the ALJ's evaluation of her subjective complaints about her symptoms. First, Bean argues that the ALJ contravened SSR 16-3p's instruction that an ALJ "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 82 Fed. Reg. at 49465. The ALJ, however, did not violate that rule. While the ALJ did rely on the objective medical evidence in rejecting Bean's allegations, as discussed above, the ALJ also noted other factors, including Bean's daily activities, her response to pain medications, and her statements to medical providers concerning her symptoms. Therefore, Bean's first argument is unpersuasive.

Second, Bean points to the following statement in the ALJ's decision:

> Of note, there is a gap in treatment at Derry Medical
> Center, from October 2015 through February 2016, when
> the claimant presented for labs as part of a routine
> medical exam. Although the claimant testified that
> she has spent most days [in] bed for the last six
> months, it is reasonable to conclude that she would
> seek treatment if her symptoms were severe.

Admin. Rec. at 19-20. Bean contends that this finding contravenes SSR 16-3p's directive that an ALJ may not find a claimant's symptoms inconsistent with her failure to seek treatment "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints," including that an individual with a mental health impairment "may not understand the appropriate treatment for or the need for consistent treatment of his or her impairment." SSR 16-3p, 82 Fed. Reg. at 49462-03. Bean notes that she testified that she had spent most of those six months in bed because of her mental health impairments and, therefore, the ALJ should not have found her gap in treatment to be significant.

The ALJ's statement concerning the gap in Bean's treatment does not run afoul of SSR 16-3p. Bean did not testify that she was unaware or misunderstood the need to treat her shoulder and arm pain during the relevant period. The ALJ specifically considered the possible reason that Bean did not seek treatment over the six-month period in considering the significance of the gap. Thus, he complied with SSR 16-3p.

11

For these reasons, Bean's arguments concerning the ALJ's evaluation of her subjective complaints do not require reversal.

III. Appeals Council

Bean challenges the Appeals Council's decision to deny review of the ALJ's decision. She contends that the additional evidence she submitted on appeal corroborates her claim for disability and requires reversal.

"[A]n Appeals Council's refusal to review the ALJ may be reviewable where [the Council] gives an egregiously mistaken ground for this action." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). "This standard for review has been described as exceedingly narrow." Raposo v. Berryhill, No. 17-CV-10308-ADB, 2018 WL 1524570, at *10 (D. Mass. Mar. 28, 2018) (citing cases) (internal quotation marks omitted). Grounds may be egregiously mistaken if the Appeals Council denied review while concluding that the new evidence was not material to the disability determination, when the new evidence was material and required a different outcome. Mills, 244 F.3d at 5-6.

Bean notes that she submitted to the Appeals Council a determination from the New Hampshire Department of Health and Human Services ("DHHS") that she was disabled for purposes of her application for Medicaid benefits in 2013. She notes that this determination was based in part on the opinions of Drs.

William Windler and Peter Bradley, which corroborated Dr. Wheeler's opinion and showed that Bean had a more restrictive RFC than the ALJ found. The Appeals Council nevertheless denied review of the ALJ's decision.

Bean has not shown that the "new" evidence she submitted to the Appeals Council required a different outcome. The DHHS's letter, which determined that Bean was disabled for purposes of Medicaid benefits as of 2013, is not binding on the Social Security Administration. 20 C.F.R. § 404.1504; see also SSR 06-3p, 2006 WL 2329939, *6 (same); Alvarez v. Sec'y of Health & Human Servs., No. 95-1028, 1995 WL 454717, at *1 n.1 (1st Cir. Aug. 2, 1995). In addition, although certain medical opinions Bean submitted suggest a more restrictive RFC than the ALJ determined, much of the "new" medical opinion evidence that she submitted supports the ALJ's findings. See Admin. Rec. at 36 (noting mild restriction of activities of daily living); 44 (discussing Bean's occasional shoulder pain with a good prognosis for her pain); 49 (stating that Bean "is able to attend all her activities of daily living" and "able to tolerate stresses in the work setting and able to maintain a schedule").

As discussed above, substantial evidence in the record supports the ALJ's decision. Although some of the new evidence Bean submitted to the Appeals Council supports her position, that evidence does not require a different outcome. Therefore,

the Appeals Council's decision was not egregiously mistaken.
See Roberson v. Colvin, No. 13-CV-265-JD, 2014 WL 243244, at *4
(D.N.H. Jan. 22, 2014) ("While Dr. Rockhill's evaluation
supports Roberson's view of her limitations, other evidence in
the record supports the ALJ's findings. Under these
circumstances, Roberson has not shown that the Appeals Council's
decision that the new evidence did not show a reasonable
probability of changing the ALJ's findings was egregiously
mistaken."); see Scully v. Berryhill, No. 16-CV-525-SM, 2018 WL
272757, at *4 (D.N.H. Jan. 3, 2018) (holding that the Appeals
Council was not egregiously mistaken in denying review despite
the claimant's submission of new evidence because "the record
evidence provides considerable support for the Appeals Council's
determination"); Robbins v. Astrue, No. 09-CV-343-JD, 2010 WL
3168306, at *4 (D.N.H. Aug. 9, 2010) (holding that although the
new evidence supported the claimant's position, the Appeals
Council's decision to deny review was not egregious "in the
context of all of the evidence").

    For these reasons, the court denies Bean's motion to
reverse and grants the Acting Commissioner's motion to affirm.

## CONCLUSION

    For the foregoing reasons, the plaintiff's motion to
reverse (doc. no. 6) is denied, and the Acting Commissioner's

motion to affirm (doc. no. 10) is granted.  The clerk of the court shall enter judgment in accordance with this order and close the case.

    SO ORDERED.

                                                 _____
                                                 Landya McCafferty
                                                 United States District Judge

January 22, 2019

cc:   Counsel of Record